## Retirement of School Teachers

O'HARA, Deputy Attorney General, March 24, 1934.—We have your letter of recent date in which you ask what procedure is available to the Public School Employes' Retirement Board to enforce the compulsory retirement provision of the Public School Employes' Retirement Act of July 18, 1917, P. L. 1043, as amended.

Section 14(2) of the act provides:

"Each and every contributor who has attained. or shall attain the age of seventy years shall be retired by the retirement board, for superannuation, forthwith, or at the end of the school term in which said age of seventy years is attained."

In a letter written by Deputy Attorney General Philip S. Moyer, addressed to the Public School Employes' Retirement Board, under date of June 16, 1924, the board was advised:

". . . the State School Employes' Retirement Board is entirely right in the rule or regulation which it has adopted to retire all contributors who have attained the age of 70 years during any school term at the end of said school term, and that the contract which the certain county superintendent herein referred to has entered into for employment during a term of 4 years, which term of employment does not expire until 2 years beyond the school term in which he attains his seventieth birthday, cannot defeat or alter the ruling of the retirement board to retire said contributor at the end of the school term in which he attains his seventieth birthday."

See also Smith, County Superintendent, etc., v. Becht, Superintendent of Public Instruction, et al., 28 Dauph. 55 (1925). In that case A. G. Criswell Smith, County Superintendent of Public Schools of Delaware County, brought an action of mandamus against the Superintendent of Public Instruction and the members of the Public School Employes' Retirement Board to countermand and withdraw an order and notification terminating his employment and to compel the board to reinstate him. Mr. Smith alleged that he had been elected to the office of County Superintendent of Schools of Delaware County for a term of 4 years; that though he had attained the age of 70 years he could not

be deprived of the exercise or emoluments of his position. The board having ordered his retirement and the Superintendent of Public Instruction having refused to pay his salary, he brought this action of mandamus. The Court of Common Pleas of Dauphin County dismissed the proceeding.

The court, in an opinion by Wickersham, J., said:

"We have jurisdiction to issue the writ against J. George Becht, Superintendent of Public Instruction, but it ought not to be exercised. It appears from the pleadings that the plaintiff, after he attained the age of seventy years, was retired by the defendants, the members of the Public School Employes' Retirement Board of the Commonwealth of Pennsylvania, as County Superintendent, on June 30, 1924. The Superintendent of Public Instruction could not place his name on the payroll and issue a voucher and requisition upon the proper officers for the payment of his salary unless he was reinstated by said board. We have no jurisdiction to compel the said board to reinstate him by writ of mandamus. It appearing that the plaintiff is no longer county superintendent of Delaware County, he is therefore not entitled to receive his salary as such officer, nor to have granted the prayer of his petition for a writ of mandamus commanding the Superintendent of Public Instruction to issue a voucher and requisition upon the proper officer for the payment of his salary."

The School Code of May 18, 1911, P. L. 309, sec. 1210 (19), as amended by the Act of May 29, 1931, P. L. 243, sec. 28, provides that of the salaries therein prescribed for teachers, supervisors, principals, and other members of the teaching and supervisory staff, except part-time and night school teachers, the Commonwealth shall pay certain percentages "to such school districts as comply with the laws governing the public schools of the Commonwealth, for the payment of the salaries of each of said persons employed therein".

The financial affairs of school districts of every class in this Commonwealth are subject to audit under sections 2617, 2618, 2620, and 2625 of the School Code. Such audit is made at the end of each school year in districts of the first class, and within 30 days after the first Monday in July in districts of all other classes.

The auditors of school districts, except school districts of the first class, are required to file a copy of the audit with the Superintendent of Public Instruction. In the court of the proper county, the Commonwealth may file exceptions to any such audit within 90 days after the report of the audit has been filed with the Department of Public Instruction, and by so doing may initiate a proceeding, in the court of common pleas of the county wherein the school district lies, to determine whether a surcharge should be made against the members of the board of school directors for all moneys unlawfully disbursed. Such exception may cover moneys disbursed for the salary of any person who, after retirement by the Public School Employes' Retirement Board, has been retained by the district and paid a salary from its treasury. These conclusions overrule our formal opinion no. 68 addressed to Hon. W. M. Denison, Deputy Superintendent of Public Instruction under date of October 6, 1932.

Our examination of the statutes and authorities outlined above leads to the following conclusions:

1. The Public School Employes' Retirement Board is authorized by the Act of May 18, 1917, P. L. 1043, to retire any person who has reached the age of 70 years, either forthwith or at the end of the school term during which the age of 70 years is attained.

2. In the case of any employe who is not retired as directed by the retirement board, including the classes designated in section 1210 (19) of the Act of May 18,

1911, P. L. 309, as amended, the retirement board (a) should certify the facts to the Department of Public Instruction, and (b) may certify the facts to the Department of Justice with the request that the auditors of the school district involved be requested to surcharge the district with the amount of the salary of the person who, after having been lawfully retired by the retirement board, was continued upon its payroll, or such other action as it may deem necessary to enforce the provisions of the law.

Such a request to the Department of Justice should be made not later than the first Monday in July in any year and should disclose the names of the members of the board of directors of the school district, the name of the person employed, the date on which the retirement board designated he should be retired, the service in which he is employed, and the amount of salary paid to him. Due notice should be given by the retirement board to the board of directors of any school district, advising the district that the board will certify to the Department of Justice the case of any person not retired in compliance with statutory provisions. From C. P. Addams, Harrisburg, Pa.